UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WESTMARK EMERALD POINTE LLC, a Washington limited liability company.<br><br>                          Plaintiff,<br><br>     v.<br><br>CITY OF BURIEN, a Washington municipal corporation,<br><br>                          Defendant. | Case No. C19-1821 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMAND |

      This matter comes before the Court on Plaintiff Westmark Emerald Pointe LLC ("Westmark")'s Motion for Leave to Amend and to Remand State Claims. Dkt. #16. Defendant does not oppose Plaintiff's motion for leave to amend but opposes remand of the remaining claims to state court. Dkt. #19. Having reviewed the Motion, Defendant's Response, Plaintiff's Reply, and the remainder of the record, the Court GRANTS Plaintiff's Motion for leave to amend and to remand the remaining state claims.

### I.    BACKGROUND

      Westmark filed this case in Washington Superior Court for King County on October 22, 2019 alleging several state law claims and one federal law claim under 42 U.S.C. § 1983. Dkt.

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMAND - 1

#1-1. Defendant promptly removed the action to this Court pursuant to 28 U.S.C. § 1441(a) because of Westmark's federal claim. Dkt. #1. On November 12, 2019, Westmark amended its complaint to add a jury demand, and Defendant filed its answer shortly thereafter. Dkts. #6, #11.

On December 5, 2019, Westmark filed the instant motion seeking to dismiss its federal claim and remand the case to state court. Dkt. #16. Defendant does not oppose Westmark's motion to amend but, if granted, opposes remand of this action to state court. Dkt. #19.

## II. DISCUSSION

### A. Motion to Amend

Leave to amend must be "freely [given] when justice so requires." Fed. R. Civ. P. 15(a). The purpose of the rule is to encourage decisions on the merits rather than on the precision of the pleadings. *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000). Defendant does not oppose Westmark's motion for leave to amend. Dkt. #19 at 1.

Accordingly, Westmark's unopposed Motion for Leave to File an Amended Complaint is GRANTED.

### B. Motion to Remand

The Court will now address Westmark's motion to remand, which Defendant opposes. *Id.* at 2. Parties agree that if leave to amend is granted, the Court may continue to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367 since "supplemental jurisdiction is 'analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments.'" *Hunt Skansie Land, LLC v. City of Gig Harbor*, No. C10-5027RBL, 2010 WL 2650502, at *3 (W.D. Wash. July 1, 2010) (quoting *Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers,* 159 F.3d 1209, 1213 (9th Cir. 1998)). For that reason, supplemental jurisdiction does not "fall away" because of subsequent amendment. *Id.*

Accordingly, the question before the Court is whether it should continue to exercise supplemental jurisdiction over the claims or allow Westmark to remand its claims.

District courts have discretion to exercise or decline supplemental jurisdiction upon consideration of "the values of judicial economy, convenience, fairness, and comity." *Carnegie–Mellon University v. Cohill,* 484 U.S. 343, 350 (1988). While "in a case in which all federal claims are eliminated before trial, the balance of these factors will generally point toward declining to exercise jurisdiction over the remaining state law claims . . . this[ ] is not a mandatory rule to be applied inflexibly in all cases." *Nishimoto v. Federman–Bachrach & Assoc..,* 903 F.2d 709, 715 (9th Cir. 1990). However, the Ninth Circuit has noted that judicial economy typically weighs most heavily in a trial court's analysis. *See Schneider v. TRW, Inc.,* 938 F.2d 986, 994 (9th Cir.1990) ("[I]t is the district judge who is in the best position to determine whether enough resources have been expended to make dismissal a waste at any given point.").

Here, judicial economy favors remand. Besides briefing on the instant motion, no substantive pleadings or motions have been filed after Defendant served its answer on November 26, 2019. *See* Dkt. #11. This action is still in its initial stages, and the Court has not expended significant resources addressing parties' claims. *Cf. Hunt Skansie Land*, 2010 WL 2650502, at *2 (court denying remand where case pending for six months and court ruled on summary judgment briefing). When all federal claims are withdrawn early in a case, a court has a "powerful reason to choose not to continue to exercise jurisdiction." *Carnegie-Mellon University*, 484 U.S. at 350. Such is the case here.

The Court likewise finds that fairness favors remand. There is no dispute that Westmark seeks to amend its complaint in order to move for remand. The Ninth Circuit has addressed such strategies at the early stages of a case, finding that a plaintiff's decision to dismiss its own claims

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMAND - 3

and seek remand is merely tactical—not manipulative. *Baddie v. Berkeley Farms, Inc.,* 64 F.3d 487, 491 (9th Cir. 1995) (filing federal claims in state court "is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court."). The Ninth Circuit noted that such behavior only becomes manipulative or unfair if a party originally brought its federal claims "in bad faith or for the sole purpose of putting defendants through the removal-remand procedure . . . ." *Id.* at 490. Here, Defendant does not allege that Westmark brought its federal claim in bad faith or sought to put Defendant through the removal-remand procedure.

Instead, Defendant argues that by seeking leave to amend at this stage in the case, Westmark is unfairly attempting to manipulate the forum. Dkt. #19 at 3. Defendant analogizes this case to *Hunt Skansie Land*, wherein the court chastised plaintiff for attempting to compel remand by amending its complaint. *Id.* (citing 2010 WL 2650502, at *4). The Court finds Westmark's actions readily distinguishable from those of the *Hunt Skansie* plaintiffs. In *Hunt Skansie*, plaintiffs waited until the Court ruled against them on summary judgment to try to remove the federal claims and escape jurisdiction. The court found that their calculated decision to dismiss their federal claims after they received an adverse ruling was akin to "letting a gambler take its chips off the table because it didn't like the dealer's hand." *Id.* (internal quotations omitted). Here, in contrast, the case is still in its initial stages and the Court has made no dispositive rulings. For that reason, the Court finds that fairness weighs in favor of allowing Westmark to remand its remaining state claims.

Regarding the last two factors, the Court finds that convenience and comity may also favor remand. Westmark has filed a separate administrative tort claim against Defendant that may potentially develop into a state court action. *See* Dkt. #15. Should Westmark's

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMAND - 4

administrative tort claim develop into another lawsuit, remanding the instant case to state court would provide parties the opportunity to consolidate Westmark's claims and thereby expedite resolution of this matter. Dkt. #16 at 6-7.

Accordingly, the Court finds that factors weigh in favor of declining to exercise supplemental jurisdiction over Westmark's state law claims and allowing remand. Plaintiff's Motion to Remand is therefore GRANTED.

### III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff's Motion for Leave to Amend is GRANTED. Within seven (7) days from the date of this Order, Plaintiff shall file the Second Amended Complaint.

2. Plaintiff's Motion for Remand of Remaining State Claims is GRANTED. This Order of Remand shall be effective upon Plaintiff's filing of the Second Amended Complaint, at which time the case shall be REMANDED to the King County Superior Court of Washington State.

DATED this 17th day of January 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND TO REMAND - 5